﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190405-7334
DATE: January 31, 2020

ORDER

Service connection for bilateral plantar fasciitis, to include as secondary to the service-connected bilateral knee condition, is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that bilateral plantar fasciitis began during active service, or is otherwise related to an in-service injury or disease, to include as secondary to the service-connected bilateral knee condition.

CONCLUSION OF LAW

The criteria for entitlement to service connection for bilateral plantar fasciitis have not been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1980 to August 1982.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs’ (VA) decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. On the date the AMA became fully effective, all RAMP claims were to be considered under the full provisions of the AMA. This decision has been written consistent with the new AMA framework.

The Veteran selected the supplemental claim lane when she submitted the RAMP election form in December 2018. A March 2019 rating decision considered the evidence of record at the time of that decision. The Veteran timely appealed the RAMP rating decision to the Board and requested the evidence submission review option, allowing her 90 days to submit evidence pertinent to her claim.

The Board notes that evidence was added to the claims file during a period of time when new evidence was not allowed. See December 2019 Veteran’s correspondence. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Additionally, regarding the federal records that the Veteran identified where she was treated as a civilian dependent, the Board notes that the Veteran was requested to provide the sponsor’s social security number in order for VA to retrieve the records from the National Personnel Records Center (NPRC). See May 2018 Correspondence. To date, no such communication has been received. VA’s duty to assist is not a one-way street, and if a veteran wishes help he or she cannot passively wait for it in circumstances where her own actions are essential in obtaining putative evidence. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). In this regard, the Board finds that VA has fulfilled its duty to assist. No further action in this regard is necessary. The Veteran, nonetheless, may submit the sponsor’s social security number in order for the civilian dependent medical records held at the NPRC may be retrieved, in which case VA would be required to take appropriate action.

Service Connection

Service connection may be established for a disease or injury incurred in or aggravated during service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. To prevail on the issue of service connection, there must be (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Hickson v. West, 12 Vet. App. 247 (1999).

Entitlement to service connection for bilateral plantar fasciitis.

The Veteran contends her plantar fasciitis is related to active military service, to include as secondary to her service-connected bilateral knee condition. See April 2019 VA Form 10182.

Service treatment records contain no evidence of complaints, diagnosis, or treatment for plantar fasciitis. Post-service treatment records indicate the Veteran has a current diagnosis of bilateral plantar fasciitis and uses arch supports. See May 2017 private treatment record.

The Veteran contends that the record of the May 1981 physical examination completed for training in the Nijmegen March while stationed in Germany demonstrates that her current bilateral plantar fasciitis was caused by or incurred in her active duty service. See April 2019 correspondence. However, the Board finds that the physical examination for training for the Nijmegen March fails to demonstrate that the Veteran’s current diagnosis of bilateral plantar fasciitis was caused by or incurred in service.

Additionally, the Board recognizes that the Veteran has asserted that she had “documented issues with her feet during service.” See April 2019 VA Form 10182. However, as noted above, her STRs are silent for complaints of or treatment for any foot condition during service.

In the absence of clinical evidence or reported complaints, there is no credible or probative evidence that the Veteran’s bilateral plantar fasciitis had an onset in service or is otherwise related to service. There is no probative evidence that links this condition to service.

As to whether the Veteran’s bilateral plantar fasciitis developed secondary to her service-connected bilateral knee condition, on February 2019 VA examination, the VA examiner opined that it was less likely than not that the Veteran’s bilateral plantar fasciitis was proximately due to or the result of the service-connected bilateral chondromalacia patella with osteoarthritis. The VA examiner explained that there was no direct pathophysiologic relationship between the bilateral plantar fasciitis condition and bilateral chondromalacia patella with osteoarthritis, nor were there any records showing that such a relationship existed. The Board finds the February 2019 VA medical opinion to be highly probative evidence against the Veteran’s claim given the VA examiner’s review of the claims file, personal interview of the Veteran, physical examination, and discussion of the rationale of the opinion. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (“It is the factually accurate, fully articulated, sound reasoning for the conclusion, not the mere fact that the claims file was reviewed, that contributes probative value to a medical opinion.”).

The Board acknowledges the Veteran’s lay statements and contentions regarding the etiology of her bilateral plantar fasciitis and the contented aggravation from her service-connected bilateral knee condition. However, while lay statements may be competent to support a claim for service connection by supporting the presence of disability or symptoms of disability subject to lay observations, the Board does not find that the Veteran’s statements or contentions to be competent evidence, as she is a layperson, and lacks the training to opine regarding medical causation in this matter. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board gives more probative weight to the competent medical evidence outlined above.

After reviewing the record, the Board finds there is no evidence that the Veteran’s bilateral plantar fasciitis was caused by or incurred during active duty service. There is no competent evidence in the record of a nexus between the Veteran’s bilateral plantar fasciitis and active duty military service. Furthermore, the evidence of record does not demonstrate that the Veteran’s bilateral plantar fasciitis is caused by or aggravated by her service-connected bilateral knee condition.

Accordingly, the Board finds that the preponderance of the evidence is against the Veteran’s claim for service connection for plantar fasciitis on a direct or secondary basis. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the appellant’s claims for service connection, that doctrine is not applicable. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Griffin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.